IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS MCQUEEN,         )
            )
      Petitioner,     )
            )
vs.                  )    Case No. 2:12-cv-1024-WMA-TMP
            )
WARDEN WHITE; and the    )
ATTORNEY GENERAL of the  )
STATE OF ALABAMA,      )
            )
      Respondents.    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On April 2, 2012, the instant petition for writ of *habeas corpus* was filed pursuant to 28 U.S.C. § 2254.  The petitioner, Marcus McQueen, attacks his 2005 conviction for distribution of a controlled substance that occurred in the Jefferson County Circuit Court.  The petitioner is incarcerated in the St. Clair Correctional Facility in Springville, Alabama.  In accordance with the usual practices of this court, the § 2254 petition was referred to the undersigned magistrate judge for a preliminary review and recommendation.

Procedural History

On September 20, 2005, petitioner was convicted of distribution of a controlled substance in the Circuit Court for Jefferson County, Alabama, and was sentenced as a habitual offender to 30 years in prison.  He appealed to the Alabama Court of Criminal Appeals, and his conviction was

affirmed by memorandum opinion dated June 23, 2006.  He sought rehearing, which was overruled on August 4, 2006.  He did not seek further review in the Alabama Sureme Court, and a certificate of judgment was issued on August 22, 2006.

On July 27, 2009, petitioner filed his first federal *habeas corpus* petition in this court pursuant to 28 U.S.C. § 2254.  Marcus McQueen v. J. C. Giles *et al.*, 2:09-cv-1505-IPJ-TMP, in the United States District Court for the Northern District of Alabama.  The court entered a report and recommendation, recommending that the claims be dismissed.  The report and recommendation was accepted and adopted by the district judge, and the petition for writ of *habeas corpus* was dismissed with prejudice by order dated January 7, 2010.  Petitioner did not appeal.

On or about March 29, 2012, petitioner filed the instant petition, his second federal *habeas* petition challenging this 2005 conviction.  Pursuant to the court's order directing petitioner to show cause why the petitioner should not be dismissed as successive, the petitioner filed a response on April 18, 2012.

<u>Successiveness</u>

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law relating to *habeas corpus* procedure.  One of the changes was an amendment to 28 U.S.C. § 2254(b) that added the following provision:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision is to establish a statutory precondition to the filing of a "second or successive" *habeas* petition, requiring the applicant to obtain the authorization of the United States Court of Appeals for the Eleventh Circuit before it is filed in the district court.  The purpose of the statute is to prevent the filing of successive petitions and to deprive the district court of jurisdiction to consider successive petitions unless and until it has been authorized by the appropriate court of appeals.

In this case, it is clear from the records before the court that the petitioner is attempting to file a second, successive petition, and that petitioner has failed to obtain authorization from the Eleventh Circuit Court of Appeals to bring the successive petition before this court.  Petitioner has not provided any evidence or argument that would indicate that the instant petition is not successive. His response (doc. 4), argues that his challenges to the conviction are jurisdictional, and that he is not required to demonstrate "cause and prejudice."  The response does not dispute that the petition is successive, nor does it indicate that petitioner has sought or received permission from the Eleventh Circuit to file a second, successive petition. Consequently, the court concludes that the instant petition must be regarded as a "second or successive" § 2254 petition covered by the pre-clearance requirement of §§ 2244(b)(3) and 2255 because the petition is successive to the § 2254 petitions filed in 2009.[1]  The evidence plainly shows that petitioner has failed to receive the requisite authorization from the Eleventh Circuit Court of Appeals.  Consequently, the petitioner has failed to establish the

---

[1]        It further appears clear that any federal habeas petition filed at this time would be both procedurally defaulted, due to his failure to seek review in the Alabama Supreme Court, and that any such petition would be time-barred.

statutory pre-condition to the filing of his petition, and this court is without subject-matter jurisdiction to consider the petition.


<u>Recommendation</u>

Accordingly, for the reasons stated above, the magistrate judge hereby RECOMMENDS that the petition for writ of *habeas corpus* be DISMISSED WITHOUT PREJUDICE due to petitioner's failure to receive authorization from the Eleventh Circuit Court of Appeals to file a successive petition, leaving this court without jurisdiction to consider the petition.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendation contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.


DATED this 25th day of April, 2012.


T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE